IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RINALDO BANKSTON, )
)
       Plaintiff, )
)
vs. ) Case No. 17−cv–0721−MJR
)
VANDALIA CORRECTIONAL CENTER )
)
       Defendant. )
)

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

    Plaintiff Rinaldo Bankston, an inmate in Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that occurred at Vandalia Correctional Center. Plaintiff requests financial compensation. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

    An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## The Complaint

In his Complaint, Plaintiff alleges that the buildings and facilities at Vandalia Correctional Center are not "up to code" and thus he is at risk to be harmed. (Doc. 1, pp. 4-9). Specifically, he alleges that he might be subjected to lead poisoning, that someone (including him) might break one of the glass windows at the prison and use it to make a weapon, that the lack of air conditioning might cause him to become dehydrated, that he might get an infection, that the building is at risk of fire, that he can smell the toilets in the dormitory, that his soda is too hot in the summer, that the use of fans might exacerbate his allergies, that there's a scabies outbreak, that he caught toe fungus from used boots, and that Vandalia does not have security cameras. *Id.*

## Discussion

At this stage, Plaintiff's Complaint fails because he has not named a proper defendant. Vandalia Correctional Center, which is a division of the Illinois Department of Corrections, is not a "person" within the meaning of the Civil Rights Act, and is not subject to a § 1983 suit.

*Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same). The Court will allow Plaintiff to amend the Complaint in order to name a proper defendant.

Plaintiff should take note that there is no supervisory liability in a § 1983 action; thus to be held individually liable, a defendant must be "'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Plaintiff may only name those who were directly involved in the actions he complains of.

Plaintiff should also be aware that many of his allegations are mere speculation. Plaintiff has not alleged that he was actually harmed by many of the conditions he complains of; he only alleges that he "might" be harmed. Plaintiff cannot recover compensatory damages unless he has suffered a physical injury. 42 U.S.C. 1997e(e) ("No Federal Civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. . ."). The Court is not dismissing the Complaint on these grounds, but Plaintiff would do well to keep these principles in mind when drafting an amended complaint.

## Pending Motions

Plaintiff's motion to proceed IFP will be addressed by separate order. (Doc. 2).

Plaintiff has also moved the Court to appoint him counsel. A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915 (e) (1). There is no constitutional or statutory right to counsel for a civil litigant, however. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Recruitment of counsel lies within the sound discretion of the court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to recruit counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

The court finds that Plaintiff has failed to meet his threshold burden of making a "reasonable attempt" to secure counsel. *See Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010); *Brock v. Beelman Co.,* 2010 WL 1692769, at * 2 (S.D.Ill. April 27, 2010). Plaintiff's Motion left the section blank that asks about his attempts to recruit counsel. The Court therefore presumes that Plaintiff has made no attempt to recruit counsel for this case on his own. As Plaintiff has failed to make his threshold showing, the Court will not recruit counsel for him at this time. Plaintiff's Motion is **DENIED**. (Doc. 3).

## Disposition

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED** without prejudice because Plaintiff has failed to name a proper defendant. Plaintiff's Motion to Appoint Counsel is **DENIED**. (Doc. 3).

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint, identifying any person who was directly involved in the events complained of within 28 days of the date of his Order (on or before October 11, 2017). An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff is warned, however, that the Court takes the issue of perjury seriously, and that any facts found to be untrue in the Amended Complaint may be grounds for sanctions, including dismissal and possible criminal prosecution for perjury. *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**
**DATED: September 13, 2017**

s/ MICHAEL J. REAGAN
**U.S. Chief District Judge**