**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**


RINALDO BANKSTON,                          )
                                           )
    Plaintiff,         )
                                           )
vs.                                        )   Case No. 17−cv−0721−MJR
                                           )
VANDALIA CORRECTIONAL CENTER,              )
and                                        )
STEPHANIE WAGGONER                         )
                                           )
    Defendants.        )


<u>**MEMORANDUM AND ORDER**</u>

**REAGAN, Chief District Judge:**

   Plaintiff Rinaldo Bankston, an inmate in Shawnee Correctional Center, brings this action

for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that occurred

at Vandalia Correctional Center. Plaintiff requests financial compensation. This case is now

before the Court for a preliminary review of the Second Amended Complaint pursuant to 28

U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any
> event, as soon as practicable after docketing, a complaint in a civil action in which a
> prisoner seeks redress from a governmental entity or officer or employee of a
> governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify
> cognizable claims or dismiss the complaint, or any portion of the complaint, if the
> complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which
> > relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune
> > from such relief.

   An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Second Amended Complaint, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## The Second Amended Complaint

Plaintiff originally brought suit on July 10, 2017. (Doc. 1). The Court conducted a threshold screening on September 13, 2017, and dismissed the case because Plaintiff had failed to name a proper defendant. (Doc. 5). The Court's prior order also noted that many of the allegations in the original complaint were speculative and that Plaintiff had not alleged that he suffered from a physical injury. (Doc. 5, p. 3). Plaintiff was granted leave to amend, and filed an amended complaint on October 3, 2017. (Doc. 7). That complaint was unsigned, and the Court directed Plaintiff to file a properly signed complaint no later than November 27, 2017. (Doc. 8). Plaintiff submitted a signed amended complaint on November 27, 2017, making it timely filed. (Doc. 9).

The statement of claim in the Second Amended Complaint is a photocopy of the statement of claim in the original complaint. Generally, Plaintiff alleges that the buildings and facilities at Vandalia Correctional Center were not "up to code" and thus he was at risk of harm. (Doc. 9, pp. 7-12). Specifically, he alleges that he might have been subjected to lead poisoning,

that someone (including him) might have broken one of the glass windows at the prison and used it to make a weapon, that the lack of air conditioning might have caused him to become dehydrated, that he might have gotten an infection, that the building was a fire risk, that he smelled the toilets in the dormitory, that his soda was too hot in the summer, that the use of fans might have exacerbated his allergies, that there was a scabies outbreak (Plaintiff never alleges he caught scabies), that he caught toe fungus from used boots, and that Vandalia did not have security cameras. *Id.*

Plaintiff specifically alleges that "there is alot [sic] of things very much wrong here at Vandalia . . . that have nothing to do with the Warden Stephanie Waggoner yet have alot [sic] to do with the Number 2 an [sic] 3 Wardens, Internal Affairs, Clinical Services, B of I, Health Care Counselors, C/O's, Majors, Sgt's, and Lt's." (Doc. 9, p. 12).

### Discussion

The Court previously dismissed this action because Plaintiff brought suit against Vandalia Correctional Center itself, an improper defendant. In its comments, the Court noted that Plaintiff could only sue those individuals who are personally involved in the alleged constitutional violations. Plaintiff has done the exact opposite here. His statement of claim specifically states that Waggoner is not responsible for any of the conditions he complains about. Yet she is the only named defendant. By its own terms, the Second Amended Complaint fails to state a claim against Waggoner.

Additionally, the Court now finds that the Second Amended Complaint fails to bring a proper claim under § 1983 because it does not allege that Plaintiff suffered any harm as a result of most of the conditions he complains about. Section 1983 is a tort statute, so plaintiff must have suffered a harm to have a cognizable claim. *Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir.

2009); *Doe v. Welborn,* 110 F.3d 520, 523 (7th Cir.1997). In fact, many of Plaintiff's claims rest on pure speculation. For example, Plaintiff notes that the buildings at Vandalia are old and then speculates that the pipes must be lead. Plaintiff has no way of knowing what the pipes at Vandalia are made of, and the fact that he experienced anxiety over thinking about lead pipes or other events that did not occur is not a compensable injury under § 1983. The speculative nature of the claims is particularly egregious now that Plaintiff is no longer housed at Vandalia, because whether or not he was harmed during his stay there is a fact entirely within his knowledge.

Moreover, the Court finds that further amendment would be futile at this time. The Court gave Plaintiff a chance to amend his complaint. The Court specifically instructed Plaintiff that he had to name defendants personally involved in the conduct that he complained about, and that he should take care to avoid bringing claims based on speculation. Plaintiff corrected neither of those issues, and in fact, submitted the exact statement of claim he previously submitted to the Court. As Plaintiff has not submitted any new facts, the Court presumes that he cannot. An amended complaint that states the same facts using different language will be futile. *Garcia v. City of Chicago, Ill.*, 24 F.3d 966, 970 (7th Cir. 1994). Here, Plaintiff submitted the same facts using the same language, despite the Court's invitation to amend. The Court therefore finds that it would be futile to grant Plaintiff further chances to amend. The Court **DISMISSES** this action with prejudice and assesses a strike pursuant to 28 U.S.C. § 1915(g) because Plaintiff has failed to state a claim upon which relief could be granted. The Court notes that Plaintiff has previously "stuck out" and can no longer proceed IFP without a showing of imminent danger.

## Pending Motions

As the Court dismisses this case with prejudice, Plaintiff's pending motion for counsel is **DENIED** as **MOOT.** (Doc. 10)

<u>**Disposition**</u>

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED** with prejudice for failure to state a claim.  Plaintiff's Motion to Appoint Counsel is **DENIED as Moot**.  (Doc. 10). Plaintiff is assessed a strike pursuant 28 U.S.C. § 1915(g).  Plaintiff has previously struck out and is prohibited from proceeding IFP without a showing of imminent danger.

The Clerk is **DIRECTED** to enter judgment and close this case.

**IT IS SO ORDERED.**

**DATED: February 26, 2018**

<u>s/ MICHAEL J. REAGAN</u>
**U.S. Chief District Judge**